UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1237 AGF |
| | ) |
| MARTIN A. WEBB, et al. | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM and ORDER</u>**

Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri, alleging claims for piercing of the corporate veil and violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et. seq*. against Defendants Martin A. Webb ("Webb"), 24-7 Cash Direct LLC, Financial Solutions LLC, Great Sky Finance LLC, High Country Ventures LLC, Management Systems LLC, Payday Financial LLC, Red River Ventures LLC, Red Stone Financial LLC, Western Capital LLC, Western Sky Financial LLC ("the Lending Companies"), certain limited liability companies organized and registered under the laws of South Dakota, engaged in the business of internet-based lending, and owned, controlled, or managed by Webb.

Defendants timely removed this action pursuant to 28 U.S.C. §§ 1331 and 1441(a), asserting in their notice of removal that Plaintiff's claims give rise to substantial, disputed questions of federal law, and that they are entitled to tribal immunity as Native-American owned businesses operating on tribal lands. Now before the Court are Plaintiff's motion

to remand pursuant to 28 U.S.C. § 1447(c), and Defendants' motion to dismiss. For the reasons set forth below, the Court will grant Plaintiff's motion to remand and, therefore, does not address the arguments set forth in Defendants' motion to dismiss.

**BACKGROUND**

In its complaint Plaintiff alleges that Webb is an enrolled member of the Cheyenne River Sioux Tribe ("the Tribe"), but that the Lending Companies, which are South Dakota limited liability companies, are not, and have not applied to become, sovereign tribal entities.[1] Plaintiff further alleges that Defendants are engaged in the business of soliciting, making, and collecting loans to and from Missouri residents through the use of television advertisements and websites. The loans made by Defendants, in amounts varying between $300 and $3000, are payable in one to several monthly installments at annual percentage rates exceeding 250%. Missouri residents apply for loans directly through Defendants' websites, on which Plaintiff asserts, Defendants falsely represent themselves as licensed Missouri lenders. The loan agreements state that they are governed by the Indian Commerce Clause and the laws of the Tribe. The Lending Companies' websites also state that all loans "will be subject solely to the exclusive laws and jurisdiction of the Tribe, Cheyenne River Sioux Reservation ("the Reservation"), and that borrowers "must consent to be bound to the jurisdiction of the Cheyenne River Sioux Tribal Court, and further agree that no other

---

[1] In their various responses to the motion to remand, Defendants do not challenge this assertion.

state or federal law or regulation shall apply to this Loan Agreement, its enforcement or interpretation." In addition, Plaintiff alleges that the websites also indicate that each entity is a Native-American owned business operating within the boundaries of the Reservation, a sovereign nation. In the process of collecting on the loans, Defendants contact employers and consumers claiming that as "sovereign tribal entities, and Indian-owned businesses operating within the external boundaries of the Tribe," they have the authority to garnish wages without a court order. On the basis of the above allegations, Plaintiff asserts that Defendants have engaged in numerous violations of the MMPA.

Plaintiff alleges, and Defendants do not dispute, that Defendants operate by way of the Internet. Borrowers do not go to the Reservation to apply for, negotiate, or enter into loans. They apply for loans in Missouri by accessing Defendants' website. They repay the loans and pay the financing charges from Missouri. Plaintiffs further allege that the Lending Companies are authorized to withdraw the funds electronically from borrowers' bank accounts in Missouri or to garnish wages owed the borrowers by Missouri employers, with the result that the impact of the allegedly excessive interest rates and other abusive practices is felt in Missouri. Plaintiff has moved to remand, arguing that the complaint asserts only state, and not federal, claims.

In opposition to the motion to remand, Defendants assert that Webb's status as an enrolled member of the Tribe and owner of the Lending Companies confers tribal immunity upon their activities, that Plaintiff's claims necessarily require consideration of questions of federal law, and that the forum selection clauses in the loan agreements

preclude state-law regulation of the activities of their business activities.  Defendants specifically assert that their business activity is beyond the reach of state regulation because it occurs on the Reservation.  In support of this contention, they assert that consumers apply for loans online, and that Defendants receive, review, accept, or deny loan applications and fund loans from a bank account on the Reservation.

In response, Plaintiff asserts that the Court lacks removal jurisdiction because the claims alleged arise exclusively under state law; Defendants are not tribal entities engaged in tribal business exclusively on tribal lands; that the doctrine of "complete preemption" is not applicable here; and that Defendants' reliance on the doctrine of "tribal immunity," and the allegedly preemptive force of the "Indian Commerce Clause," are federal defenses and do not provide a basis for federal jurisdiction.  Plaintiff further alleges that the forum selection clauses have no effect on the ability of the Plaintiff to bring an action against the Lending Companies under the MMPA, and cannot serve to confer federal jurisdiction.

## APPLICABLE LAW

### Removal and Federal Question Jurisdiction under 28 U.S.C.§§ 1331 and 1441

Removal statutes are strictly construed and any doubts about the propriety of removal are to be resolved in favor of remand.  *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citation omitted).  The removing party, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  *Id.* (citation omitted).  Further,

the United States Supreme Court has noted that "considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 21 n. 22 (1983).

It is settled law that under the 'well-pleaded complaint' rule, federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). A plaintiff, as the "master of the claim," may avoid federal jurisdiction by choosing to plead claims based exclusively upon state law, even if federal claims are available. *Id.* at 392, 398-99. Under the "artful pleading" doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim. *See Franchise Tax Bd.*, 463 U.S. at 22.

Although a plaintiff is required to plead federal questions essential to the elements of its claim, a federal defense, without more, does not form a basis for the exercise of federal jurisdiction. *Id.* at 393. "[T]he existence of a federal immunity . . . does not convert a suit otherwise arising under state law into one which, in a statutory sense, arises under federal law." *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989) (rejecting a claim that the asserted defense of "tribal immunity" converts a suit arising under state law into one arising under federal law). Generally, when a claim filed in state court alleges only state law claims, the existence of a federal defense, even a defense of preemption, will not support the removal of the case to federal court. *Rivet v. Regions*

5

*Bank of La.*, 522 U.S. 470, 475 (1998) (citing *Caterpillar*, 482 U.S. at 392); *see also State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1109 (8th Cir. 1999) (citing *Franchise Tax Bd.*, 463 U.S. at 10-12). This is true even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Caterpillar*, 482 U.S. at 393; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

**Complete Preemption**

The "independent corollary" to the well-pleaded complaint rule, is the "complete preemption" doctrine. *Franchise Tax Bd.,* 463 U.S. at 22. "Complete preemption" is found when the pre-emptive force of a statute is deemed so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 65-67 (1987). Once an area of state law has been completely pre-empted by the operation of a federal statute, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *Franchise Tax Board*, 463 U.S. at 24 (holding that "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

Complete preemption, as opposed to ordinary or conflict preemption, is rare, however, and only applies if the "federal statutes at issue provide[ ] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that

6

cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 8.  In the area of Native-American affairs, complete preemption has been found only where a federal statute or grant creates a grant of preemptive authority.  *See, e.g.*, *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 677 (1974) (possessory land claims brought by Native American tribes).

**Partial Preemption**

To a much more limited degree, a state's authority to regulate tribal activities on a reservation may be pre-empted, in part, by the operation of federal law.  Such limited preemption is deemed a federal defense and will be found where a state law or regulation "interferes or is incompatible with federal and tribal interests reflected in federal law, unless the state interests at stake are sufficient to justify the assertion of state authority." *Casino Resource Corp. v. Harrah's Entertainment, Inc.*, 243 F.3d 435, 437 (8th Cir. 2001) (quoting *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 334 (1983)).

The issue of whether Defendants' activities are conducted "on Indian lands" is critical to preemption analysis, but although "[t]he on-Indian-lands question is one of federal law, . . . its unresolved presence is not enough to confer federal subject matter jurisdiction over the entire case." *Coeur D'Alene Tribe*, 164 F.3d at 1109.

## ANALYSIS

On its face, Plaintiff's complaint makes no reference to, and contains no basis for, the exercise of federal jurisdiction.  Plaintiff pleads only state law claims.  Therefore, under the well-pleaded complaint rule, Plaintiff has not alleged a federal cause of action.

Defendants' assertion of "sovereign immunity" requires the Court to consider

whether Defendants are tribal entities. Webb, as an enrolled member of the Tribe, is not individually entitled to immunity, nor does his membership in the Tribe confer such immunity upon the Lending Companies. *Puyallup Tribe, Inc. v. Dep't of Game*, 433 U.S. 165, 171-72 (1977) (holding that the "doctrine of sovereign immunity . . . does not immunize individual members of [a] Tribe."). Further, as noted above, there is no evidence on the current record that the Lending Companies have applied for tribal entity status under the rules applicable to that process.

In addition, the cases cited by Defendants in support of their assertion of such immunity are inapposite because they involve suits against a tribe or licensed tribal entities. Finally, issues relating to tribal immunity and sovereignty have long been deemed defensive matters insufficient to transform a state court suit into a federal one for purposes of removal. *Oklahoma Tax Comm'n*, 489 U.S. at 841; *Taylor v. Anderson*, 234 U.S. 74,75 (1914). The assertion of a federal defense to a state law claim, even a defense of federal preemption or sovereign immunity, does not create a federal question for purposes of the exercise of federal jurisdiction. *Caterpillar,* 482 U.S. at 392.

Defendants argue that the doctrine of complete preemption applies here, and assert the Indian Commerce Clause as a basis for the exercise of removal jurisdiction, arguing that under the Indian Commerce Clause, Congress has completely preempted the field of Native American commerce. This contention is without merit. The Indian Commerce Clause is an enabling provision, authorizing Congress "to legislate in the field of Indian affairs." *Cotton Petroleum Corp. v. New Mexico*, 490 U.S. 163, 192 (1989). It does not

give rise to substantive rights supporting an exercise of federal jurisdiction. *Id.* Nor does the Indian Commerce Clause completely preempt state law. *See Omaha Tribe of Nebraska v. Miller*, 311 F. Supp. 2d 816 (S.D. Iowa 2004). For these reasons, the Court concludes that the doctrine of complete preemption does not apply here to deprive the state of jurisdiction over the claims Plaintiff raises. *See also Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 548-49 (8th Cir.1996).

**The Forum Selection Clauses**

Defendants assert that the forum selection clauses in the loan agreements requiring borrowers to submit to the exclusive jurisdiction of Tribal courts, and providing that all disputes related to the loans will be governed by Tribal law, deprive the State of the authority to regulate Defendants' business operations. Whether the forum selection clauses are a defense to Plaintiff's MMPA claims, or effectively confer exclusive jurisdiction on Tribal courts, they do not provide a basis for the exercise of federal jurisdiction and are irrelevant to the question of the propriety of removal.

On the basis of the foregoing the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims and will order the remand[2] of this action to state court.

**Request for Attorney's Fees and Costs**

Plaintiff moves pursuant to 28 U.S.C. § 1447(c) for an award of the attorney's fees

---

[2] In light of the Court's decision to remand, the issue of abstention under *Younger v. Harris*, 401 U.S. 37(1971) need not be addressed.

and costs related to this motion. The decision whether to award costs and fees under 28 U.S.C. § 1447(c) rests in the Court's discretion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Bad faith or frivolousness is not required to support an award of fees and costs. *Lytle v. Lytle*, 982 F. Supp. 671, 674 (E.D. Mo. 1997). In exercising discretion to make such an award, courts also weigh the statutory objective of providing a federal forum against the interest of avoiding removals sought solely for the purpose of prolonging litigation. *Martin*, 546 U.S. at 140.

In this case, Defendants sought removal in similar cases brought against them in other states, but no court had yet ordered remand of those actions for lack of subject matter jurisdiction prior to Defendants' removal of this case. However, while the motion to remand was pending, courts in other fora, considering similar, if not identical, arguments to those Defendants offered here, determined to order remand[3] of those cases. In addition, after Defendants removed this action, they moved to dismiss Plaintiff's claims asserting sovereign or tribal immunity-- a defense they could have raised in state court. Although these facts could support an argument that Defendants sought removal, at least in part, for the purpose of prolonging the litigation, the Court cannot say that

---

[3] Although persuasively reasoned, those cases, offered by Plaintiff as supplemental authority in support of its motion, are not binding on this Court.

Defendants lacked an objectively reasonable basis to support the removal of this case and declines to award attorney's fees and costs under 28 U.S.C. § 1447(c).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall take all necessary steps to remand this action to the Twenty-First Judicial Circuit Court of the State of Missouri.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Doc. No. 10) shall be reserved for ruling by the Twenty-First Judicial Circuit Court upon remand.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2012.